## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HUMBERTO ZAMORA III, | ) | |
| 7725 W. Ranken Ave. | ) | |
| St. Louis, MO 63117 | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | Case No. 4:12-cv-2082 |
|    vs. | ) | Division No. |
| | ) | |
| DIVERSIFIED ADJUSTMENT | ) | |
| SERVICE, INC., | ) | |
| 600 Coon Rapids Blvd NW | ) | |
| Coon Rapids, MN 55433 | ) | |
| | ) | |
|    Defendant. | ) | |

## PLAINTIFF'S VERIFIED COMPLAINT

HUMBERTO ZAMORA III (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the

following against DIVERSIFIED ADJUSTMENT SERVICE, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices

   Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that   such

   actions may be brought and heard before "any appropriate United States    district    court

   without regard to the amount in controversy," and 28 U.S.C. 1367  grants     this     court

   supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in the state of Missouri, personal jurisdiction is

   established.

4.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5.  Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.  Plaintiff is a natural person who resides in St. Louis, St. Louis County, Missouri,  and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7.  According to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.  Defendant is a collection agency with an office in Coon Rapids, Minnesota.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is  defined by 15 U.S.C. § 1692a(6).

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. In or around January or February of 2012, Defendant began constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for a consumer debt allegedly owed to Sprint arising from transactions for personal, family, and/or household services.

13. In or around February or March of 2012, Plaintiff sent a letter to Defendant's representative, "Josue Cervantes," informing Defendant that Plaintiff does not owe the alleged debt.

14. Despite Plaintiff's letter, Defendant continued to place collection calls to Defendant on or around the following dates: April 20, 2012; May 16, 2012; May 24, 2012; and June 20, 2012.

15. On or around July 23, 2012, Plaintiff received a call from Defendant and spoke to Defendant's representative, "James."  Defendant's representative, "James," confirmed that Defendant had received Plaintiff's letter.

16. Despite confirming that Defendant had received plaintiff's letter, Defendant continued to place calls to Plaintiff on or around the following dates: July 26, 2012; July 31, 2012; August 1, 2012; August 7, 2012; August 9, 2012; August 27, 2012, and October 25, 2012.

17. On or around July 26, 2012, Defendant's representative, "Brianna," placed a collection call to Plaintiff and left a voicemail message on Plaintiff's voicemail.

18. In the voicemail message, Plaintiff's representative, "Brianna," failed to disclose the name of the company placing the call, failed to state that call was being placed by a debt collector, and failed to state that the call was being placed in an attempt to collect an alleged debt.  *See* Transcribed voicemail message attached hereto as Exhibit A.

19. In the voicemail message, Defendant's representative, "Brianna," directed Plaintiff to return the call at 800-592-3429, which is a number that belongs to Plaintiff.  *See* Exhibit A.

20. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

   b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

   d. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

   e. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

   f. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, HUMBERTO ZAMORA III, respectfully requests judgment be entered against Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC. for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C.   1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection  Practices  Act,

   *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.



Date:   November 7, 2012            RESPECTFULLY SUBMITTED,

                                   By:/s/ Adam C. Maxwell
                                   [ ] Adam C. Maxwell
                                   ED Bar No: 62103MO
                                   Attorney for Plaintiff
                                   Krohn & Moss, Ltd.
                                   10 N. Dearborn Street
                                   3rd Floor
                                   Chicago, IL 60602
                                   (312) 578-9428
                                   e-mail: amaxwell@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI)

       Plaintiff, HUMBERTO ZAMORA III, states the following:

1.     I am the Plaintiff in this civil proceeding.
2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

       Pursuant to 28 U.S.C. § 1746(2), I, HUMBERTO ZAMORA III hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_November 5, 2012_
Date

_____
HUMBERTO ZAMORA III

VERIFIED COMPLAINT